http://www.va.gov/vetapp16/Files4/1634327.txt

Citation Nr: 1634327 
Decision Date: 08/31/16 Archive Date: 09/06/16

DOCKET NO. 09-42 839 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida

THE ISSUES

1. Whether new and material evidence has been received to reopen the previously denied claim of service connection for a right knee disability.

2. Whether new and material evidence has been received to reopen the previously denied claim of service connection for a left knee disability.

3. Whether new and material evidence has been received to reopen the previously denied claim of service connection for a low back disability.

4. Entitlement to service connection for an acquired psychiatric disability, to include posttraumatic stress disorder (PTSD).

5. Entitlement to service connection for a neck disability.

6. Entitlement to service connection for a right shoulder disability.

REPRESENTATION

Veteran represented by: Kenneth L. LaVan, Attorney

ATTORNEY FOR THE BOARD

P. Lopez, Associate Counsel

INTRODUCTION

The Veteran had active duty for training (ACDUTRA) from November 1981 to April 1982. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida, which, in relevant part, denied service connection for a neck disability, depression, and PTSD, and denied requests to reopen previously denied claims of service connection for bilateral knee, and low back disabilities. The Board previously considered these issues in December 2013, at which time it remanded for additional development pursuant to VA's duty to assist. The Board also denied a request to reopen a previously denied claim of service connection for an eye disability. The Veteran did not appeal that decision. As such, the decision has become final, and the issue is no longer on appeal.

As indicated in the December 2013 Board decision, in October 2013, the Board requested clarification from the Veteran and his attorney as to whether he wanted to reschedule the hearing to which he did not report in July 2013. He was advised that if he did not respond within 30 days from the date of the letter, the Board would assume that he did not want a hearing and proceed accordingly. Since there was no response to that letter, the Board assumed that the Veteran did not want a hearing. Subsequently, in August 2014, following issuance of the June 2014 supplemental statement of the case, the Veteran's attorney requested a hearing via videoconference. The attorney, however, did not show good cause for either the Veteran's failure to report to his July 2013 hearing or his failure to respond in a timely manner to the Board's December 2013 letter regarding the hearing request. As such, the hearing request is denied. See 38 C.F.R. §§ 20.700, 20.704(d).

The issues of service connection for an acquired psychiatric disability and low back, neck, and right shoulder disabilities, and whether new and material evidence has been received to reopen the previously denied claims of service connection for a bilateral knee disability are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).

FINDINGS OF FACT

1. A January 1990 rating decision denied service connection for a low back disability; the Veteran did not appeal; and VA did not receive additional evidence relating to these claims within one year of the January 1990 denial.

2. Since the last final denial in January 1990, new and material evidence related to the issue of a low back disability has been received.

CONCLUSIONS OF LAW

1. The January 1990 denial of service connection for a low back disability became final. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. § 3.104 (2015).

2. New and material evidence has been received to reopen the previously denied claim of service connection for a low back disability. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156(a) (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Where a claim has been finally adjudicated, a claimant must present new and material evidence in order to reopen the previously denied claim. See 38 U.S.C.A. §5108; 38 C.F.R. §3.156(a); see also Wakeford v. Brown, 8 Vet. App. 239 -40 (1995). New evidence is that which was not previously submitted to agency decision makers. Material evidence is that which by itself, or when considered with previous evidence of record, relates to an unestablished fact that is necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last final denial, and it must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). 

For the purpose of reopening, evidence received is generally presumed credible. Justus v. Principi, 3 Vet. App. 510, 513 (1992). There is a low threshold for finding new evidence that raises a reasonable possibility of substantiating a claim. Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). VA should consider whether the newly received evidence could reasonably substantiate the claim were the claim to be reopened, including whether VA's duty to provide a VA examination is triggered. There must be new and material evidence as to at least one of the bases of the prior disallowance to warrant reopening. Shade, 24 Vet. App. at 117-20. 

The RO initially denied service connection for a low back disability in January 1990 rating decision. The Veteran was notified of this denial and his appellate rights in February 1990. Nevertheless, he did not submit a notice of disagreement. Further, VA did not receive any additional evidence relating to the claimed low back disability within one year of notification of the January 1990 denial. As such, the January 1990 rating decision became final. See 38 U.S.C.A. § 7105(c); 38 C.F.R. §§ 3.104, 3.156(b), 20.202, 20.302, 20.1103.

The RO's January 1990 denial was based on a finding that the current low back disability, characterized as low back pain, was not related to service. Since the last final denial, VA has received new evidence relating to the claimed low back disability. This new evidence consists of a lay statement from the Veteran indicating that he injured his back and neck in January 1982 when he fell out of the back of a truck. See July 2013 appellate brief at 4. In support of this contention, the Veteran's attorney points to a February 1, 1982 service treatment record, which shows a report of a truck-related injury three weeks earlier. 

This new evidence relates to an unestablished element of the previously denied claim and raises a reasonable possibility of substantiating the claim as it potentially establishes a connection between a current condition and an event in service. Therefore, the claim is reopened. See 38 U.S.C.A. §5108; 38 C.F.R. §3.156(a). 

ORDER

New and material evidence having been received, the petition to reopen the claim of service connection for a low back disability is granted.

REMAND

In December 2013, the Board remanded for additional development. The remand instructed the RO to ask the Veteran to identify, and authorize the release of, outstanding private treatment record. In May 2014, the RO sent a letter to the Veteran allowing him 30 days to submit such information. The Veteran did not respond within the allotted time period, and, in June 2014, the RO issued a supplemental statement of the case. Then, in October 2014, the Veteran's attorney submitted release forms for eight providers, to include two providers who began treating the Veteran in January 2014. The RO has not made efforts to obtain any outstanding records from these providers. As such, the prior remand directive was not substantially completed. Stegall v. West, 11 Vet. App. 268 (1998).

With regard to the issue of service connection for low back and neck disabilities, the Veteran has stated that he injured his back and neck in January 1982, when he fell out of the back of a truck. See July 2013 appellate brief at 4; see also service treatment records at 62 (reporting a truck-related injury). He also reported a history of left lumbar radiating pain since separation from service. See August 1989 VA examination. Last, the medical evidence shows current diagnoses of lumbar and cervical lordosis. See, e.g., May 2011 treatment records from private chiropractor. 

Under the VCAA, VA is obliged to provide an examination when the record contains competent evidence that the claimant has a current disability or signs and symptoms of a current disability, the record indicates that the disability or signs and symptoms of disability may be associated with active service; and the record does not contain sufficient information to make a decision on the claim. 38 U.S.C.A. § 5103A(d) (West 2014); McLendon v. Nicholson, 20 Vet. App. 79 (2006). The threshold for finding a link between current disability and service is low. Locklear v. Nicholson, 20 Vet. App. 410 (2006); McLendon v. Nicholson, at 83. 

The Board finds that the Veteran has met the threshold for establishing a potential link between his current back and neck disabilities and an in-service injury. As such, VA must provide a VA examination for his lumbar and cervical spine.

Similarly, the Board finds that a VA examination is warranted with regard to the issue of service connection for an acquired psychiatric disability. The evidence of record shows diagnoses of depression and bipolar schizoaffective disorder. See, e.g., private treatment records (received December 2008) at 27 and 53. The Veteran contends that his current mental health disability is related to an event in service. In this regard, he reported an altercation with another service member, as a result of an ethnic slur directed at him and in which he received a punch to his face, with a resulting black eye. See July 2013 appellate brief at 3. He stated that the incident bothers him to this day and that he has nightmare as a consequence of it. Id. 

Last, the Board notes that in June 2012, the Veteran submitted a timely notice of disagreement with regard to a May 2012 rating decision, which denied entitlement to service connection for a right shoulder disability. VA has not yet provided a statement of the case with regard to this issue. As such, the Board has no discretion, and a remand is required. Manlincon v. West, 12 Vet. App. 238, 240 (1999). This issue will only be returned to the Board if the Veteran files a timely substantive appeal after issuance of the Statement of the Case. Smallwood v. Brown, 10 Vet. App. 93, 97 (1997).

Accordingly, the case is REMANDED for the following action:

1. Ask the Veteran to identify, and authorize the release of, any outstanding medical records related to his claimed disabilities, to include from providers identified in October 2014. Efforts to obtain those records should be documented and the Veteran should be notified of any failed efforts to obtain them, and allowed the opportunity to provide any missing records. All records received must be associated with the claims file.

2. In addition, obtain any outstanding VA treatment records. All requests and responses for the records must be documented. If any identified records cannot be obtained, notify the Veteran of the missing records, the efforts taken and any further efforts that will be made by VA to obtain such evidence, and allow him an opportunity to provide the missing records.

3. Thereafter, schedule the Veteran for VA examinations to determine the nature and etiology of his claimed low back and neck disabilities, and his claimed acquired psychiatric disability. Review of the claims file should be noted in the examiner's report. 

The examiner should respond to the following:

(a) Identify any current low back disabilities.

(b) Is any current low back disability as least as likely as not (probability of 50 percent or more) related to an event, disease, or injury in service? Please note the Veteran's report that he injured his back in January 1982, when he fell out of the back of a truck.

(c) Identify any current neck disabilities 

(d) Is any current neck disability as least as likely as not (probability of 50 percent or more) related to an event, disease, or injury in service? Please note the Veteran's report that he injured his neck in January 1982, when he fell out of the back of a truck.

(e) Identify any current psychiatric disabilities.

(f) Is any current psychiatric disability as least as likely as not (probability of 50 percent or more) related to an event, disease, or injury in service? Please note the Veteran's report of an altercation, presumed to have taken place in service that bothers him to this day, causing him to have nightmares.

The examiner should explain the reasons for any opinion offered. The examiner must consider lay reports from the Veteran along with pertinent medical evidence, including medical literature submitted by him. If the examiner cannot offer an opinion without resort to speculation, he or she should explain why and state what additional evidence, if any, would be required to offer an opinion.

4. If any benefit sought on appeal remains denied, issue a Supplemental Statement of the Case before returning the case to the Board, if otherwise in order.

5. Finally, provide the Veteran with a statement of the case on the issues of service connection for a right shoulder disability. Do not certify these issues to the Board unless a timely substantive appeal is received.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). All claims remanded for additional development or other appropriate action must be handled expeditiously. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

______________________________________________
Eric S. Leboff 
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs